■ In the Matter of ROSE SILBERFARB, Petitioner, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES, THIRD SUPERVISORY DISTRICT, SUFFOLK COUNTY, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of respondent dated September 16, 1981, which found petitioner guilty of certain charges and dismissed her from her employment as a stenographer. Petition granted, on the law, with costs, determination annulled, charges dismissed and the respondent is directed to reinstate petitioner to her position, with back pay, less the amount of compensation earned in any other employment and any unemployment benefits she may have received. Petitioner, Rose Silberfarb, employed by respondent for 19 years as a stenographer, was found guilty of charges of incompetence and misconduct based upon her performance

for school principal, Michael Solimando. Mr. Solimando, respondent's sole witness, testified that petitioner's job performance had been unsatisfactory from the moment she arrived at his school, sometime in the fall of 1978, a time outside the period embraced by the charges. Despite his discussions with her, she did not improve. Therefore, beginning in February, 1980 and continuing to April, 1981, the time period covered by the charges preferred, Mr. Solimando wrote memoranda to petitioner in which he recorded her errors. These memoranda and the typed products were introduced at the hearing. Petitioner's testimony was that Mr. Solimando was upset that she had, through seniority, replaced the secretary with whom he had been perfectly satisfied and was not at all pleased to have petitioner placed in the school as his secretary. His attitude towards her was so difficult and abusive that she complained about it to higher officials. Following her complaint, Mr. Solimando began to record every typographical error and every other mistake that he could find. Petitioner also testified to letters of commendation she had received from supervisory personnel when she was employed at other schools in the district. On cross-examination, however, it was adduced that in 1973 petitioner was found guilty of insubordination. A witness for petitioner testified that in 1977 petitioner had passed a civil service examination for the next higher position of stenographer, "senior stenographer". The record does not contain substantial evidence to support the findings of incompetence and misconduct. "Substantial evidence" means more than a "mere scintilla of evidence" (*Matter of Stork Rest. v Boland,* 282 NY 256, 273), and the test of whether substantial evidence exists in a record "is one of rationality taking into account all the evidence on both sides" (*Matter of Cortland-Clinton, Inc. v New York State Dept. of Health,* 59 AD2d 228, 232). Here, the errors complained of over the period of a year and several months are essentially trivial and must be evaluated in light of the inherent nature of typographical errors in a typed product. Many, if not most, of the errors were single typographical or shorthand transcription errors, e.g., the words "candies" for "candles" and "distrophy" for "dystrophy". We note in this regard, in passing, that there are two typographical errors in the report of the hearing officer in the record on appeal and two in the respondent's brief. Moreover, a record of the errors began to be kept following petitioner's complaints about Mr. Solimando. Thus, for more than a year before she complained, petitioner's work was evidently satisfactory. Petitioner's position is, after all, that of an entry level stenographer. Her skills, as demonstrated by the examination she passed for senior stenographer, are more than adequate for the lower grade she holds and at which level she has performed for 19 years. The prior disciplinary matter, which evidently resulted from petitioner's excessive absences, so that she was asked to account for her work time, did not involve competence. In any event, petitioner's prior record cannot stand as evidence of incompetence or misconduct on the present charges. Respondent could consider the same in determining the punishment to be imposed on the subject charges only if the latter were themselves supported by substantial evidence (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 240). What emerges from the record as a whole is a retaliatory effort by Mr. Solimando to have petitioner dismissed after she complained about him, as well as a clash of personalities between petitioner and Mr. Solimando from their first contact. To reiterate, what the record does not reveal is substantial evidence to support a finding of incompetence or misconduct. Titone, J. P., Bracken, Niehoff and Rubin, JJ., concur.